IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MYRON JAMES, # 144470,              *
                                   *
     Plaintiff,                    *
                                   *
vs.                                *     Civil Action 08-00729-CG-B
                                   *
ROBERT HUNTER, *et al.*,           *
                                   *
     Defendants.                   *

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, an Alabama inmate proceeding pro se, initiated the instant § 1983 action by filing a Complaint and a Motion to Proceed without Prepayment of Fees (Docs 1, 2). Plaintiff filed an Amended Complaint and a second Motion to Proceed with Prepayment of Fees on January 15, 2009. (Docs. 7, 8). This action has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Based upon a careful review of Plaintiff's Complaint, Amended Complaint and Motion, as well as the Court's docket, the undersigned recommends that Plaintiff's Motions be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Plaintiff initiated this action against Sylvester Folks, Robert Hunter, Captain Bishop, Phycho Unshaw, Phycho Unshaw Hunter, and Nurse Harrelson. (Doc. 1).  Plaintiff filed a motion to dismiss Defendants Folks and Unshaw.  Accordingly, the Court entered an Order dismissing these Defendants on December 23, 2008.(Docs. 3,

4).

During the screening of Plaintiff's Complaint, the undersigned discovered that Plaintiff has had 28 U.S.C. § 1915(g)'s prohibition applied to a prior action in which he was seeking to proceed *in forma pauperis.* Section 1915 prevents a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction, "[i]n no event," found in § 1915(g) is express and unequivocal. The statute only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). However, the statute allows an exception for a prisoner who is "under imminent danger of serious physical injury" at the time he files his lawsuit. Riveria v. Allin, 144 F.3d 719, 723 (11th Cir.

2

1998).

The Court's docket reflects that shortly after filing the instant action, James filed another action in this Court styled Myron James vs. Phycho Unshaw, et al., CA 09-00020-WS-C (S.D. Ala. July 20, 2009). In that action, James named many of the same Defendants and asserted nearly identical claims. On July 20, 2009, a Report and Recommendation was entered, which recommended the dismissal of that action based on the "three-strikes" provision of 28 U.S.C. § 1915(g) because James did not satisfy the statute's exception and did not pay the $ 350.00 filing fee at the time the action was filed. (Id. at Doc. 4) On August 17, 2009, the Report and Recommendation was adopted as the opinion of the District Court, and a judgment of dismissal was entered. (Id. at Docs. 6, 7).

In the Myron James vs. Phycho Unshaw, et al., CA 09-00020-WS-C (S.D. Ala. July 20, 2009) action, the Court found that James previously filed more than three actions that were dismissed as frivolous. The Court identified those actions as follows: James v. Lampkin, et al., CA 96-01967-ELN-TMP (N.D. Ala. 1996); James v. Donaldson Correctional Facility, CA 96-01111-SCP-PWG (N.D. ala. 1996); James v. Hightower, et al., CA 95-01625-JHH-PWG (N.D. ala. 1995); James v. Harrelson, et al., CA 92-00607-ID-CSC (M.D. Ala. 1992) and James v. Hunt, et al., CA 91-07840BH-S (S.D. Ala. 1993) (three actions consolidated into one). (See Myron James vs. Phycho

<u>Unshaw, et al.</u>, CA 09-00020-WS-C at Doc. 4). In recommending the dismissal of James' Complaint in the CA 09-00020-WS-C action, the Court observed that James did not indicate that he was "under imminent danger of serious physical injury" at or even near the time he filed that action on January 12, 2009.

In the CA 09-00020-WS-C action, the Court also observed that James' Complaint was docketed by the Clerk on January 12, 2009, and included allegations that Defendants "shot [him] up with Prolism (sic) shots and [he] did not need them," that the shots make him crazy, and that Defendants are giving him nothing for the side effects. (<u>Id.</u> at Doc. 4). According to the Court in the CA 09-00020-WS-C action , a review of James' medical records reflect that on November 18, 2008, James had to be "talked into" taking his injection, and the progress note reflects that James had an appointment scheduled with Dr. Earnshaw for November 20, 2008. The treatment notes dated December 17, 2008 reflect that James was irritable and argumentative when approached by medical staff to administer the injection and that James stated that he did not want a shot and had no orders for involuntary medications. The notes further reflect that an officer who was present along with the nurse explained to James that he had to take the involuntary medication, at which point James complied. It was noted "Prolixin Dec. 25 mg IM given R gluteal - pt tolerated well" and that there were no further complaints or distress from James. The progress

notes further state James was to continue to receive the injections and that he was to be reminded of the involuntary orders if he tried to refuse. (Id. at Docs. 3 & 4).

A treatment plan review, dated December 17, 2008[1], reflects that James was still impulsive but more receptive to discuss the situation without making demands. It also stated that James was taking the medication and was receptive to counseling. Additionally, it was noted that "[i]nvoluntary meds stabilize behavior & insure compliance," and that "[h]e's receptive to taking meds at scheduled times."  There is also a January 16, 2009 entry in the medical records which reflects that James received another injection, that he had a flat affect but communicated well, and that he was quiet and submissive.  The notes also reflect that James requested something for the side effects of the injection, but it was determined that "no defined behavior pattern warrants such." (Id. at Doc. 3).

---

[1]A Review of Segregation Inmates report was completed on December 18, 2008.  During the review, it was noted that James was placed in segregation on November 9, 2008.  The report further provides: "2011 EOS-mental health patient. No weapon in fight...agitated about taking shots. Hesitates about taking. Forced to take medications."  James' mental status examination revealed that he had a flat affect, his appearance was disorganized, and he was distracted.  His mood was depressed, he was oriented to time, place and person, and he had good long and short term memory.  His intellectual functioning was borderline and his speech and thoughts were normal and tangential.  He was found to be agitated, but rational.  The reviewer concluded that placement in segregation was not impacting James' mental health. (See Myron James vs. Phycho Unshaw, et al., CA 09-00020-WS-C at Doc. 3).

Following the Court's review of James' Complaint in the CA 09-
00020-WS-C action, and his medical records from Holman, the Court
concluded that James was not "under imminent danger of serious
physical injury" at the time he filed that action in January 2009.
The Court noted that James was receiving medical treatment, and
although he claims he suffered side effects from the medication, he
did not specify the side effects.  The Court also found that the
fact that James did not agree with the medical treatment that he
was receiving was not sufficient to show a constitutional
violation, much less that he was actually in danger of serious
physical injury. (<u>Id.</u> at Doc. 4).  Accordingly, on July 20, 2009,
a Report and Recommendation was entered, which recommended the
dismissal of James' action based on the "three-strikes" provision
of 28 U.S.C. § 1915(g). (<u>Id.</u>)  The Report and Recommendation was
adopted as the opinion of the Court, and a judgment of dismissal
was entered on August 17, 2009. (<u>Id.</u> at Docs. 5 & 6).

Plaintiff's Complaint in the instant case was filed
approximately one month before his Complaint in the CA 09-00020-WS-
action. (Doc. 1).  In this action, Plaintiff has sued many of the
same individuals that he sued in the latter action and has asserted
near identical claims.  Specifically, Plaintiff asserts that he is
being forced to take shots that he does not need, and which cause
him to have thoughts of hanging himself, cutting his wrists,
throwing feces, and of acting "like a anmail matibation and eating

6

their posion food." [sic]  James also alleges that Nurse Harrelson was directed by Phycho Unshaw to shoot him with drugs if he refused to take his medication, and that in November 2006, Phycho Unshaw took him off of his medication for side effects. (Doc. 7). Plaintiff has not alleged or otherwise indicated that he was under "imminent danger of serious physical injury" at the time he initiated this action.  In his request for relief, Plaintiff seeks $182,000 and an attorney to represent him in this matter.

Like James' claims in the CA 09-00020-WS-C action, the gist of his claims in the instant action is that he disagrees with the medical treatment that he is being provided because the medication causes him to have thoughts of injuring himself or engaging in inappropriate conduct.  James' assertions, however, fall short of establishing that he was "under imminent danger of serious physical injury" at the time he filed this action. See Edmond v. Texas Dep't of Corrs., 161 F.3d 8 (5th Cir. 1998)(allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915 exception); Cain v. Shilling, 2001 WL 515263, *2 (W.D. Va. Mar. 14, 2001)(imminent danger not established when prisoner alleged that he did not receive treatment he believed was necessary; Ford v. Foti, 2001 U.S. Dist. LEXIS 12086, 2001 WL 845461, at *2 (E.D. La. July 25, 2001) (allegations of missed appointments for circumcision and prison doctors failure to treat inmate progressively for Hepatitis

C not sufficient to overcome the § 1915(g) bar).

In the case at hand, the medical records reflect that during the December 2008/January 2009 time period, James was being administered Prolixin, on an involuntary basis, to stabilize his behavior and "insure his compliance."  The records further reflect that during this period, James' condition was being closely monitored by medical officials, who determined that he did not display behavior that warranted medication for side effects. (See Myron James vs. Phycho Unshaw, et al., CA 09-00020-WS-C at Doc. 3).

While the undersigned appreciates James is disturbed by the thoughts he experiences after being administered Prolixin, without medication for side effects, he has not demonstrated that the course of treatment is detrimental to him, let alone that the treatment placed him "under imminent danger of serious physical injury" at the time he filed his Complaint in December 2008.  This is particularly true given James' allegation that he stopped receiving the medication for his side effects back in 2006, and the fact that the medical records reflect that mere days before filing the instant lawsuit, James was described as irritable and argumentative when he was administered his injection on December 17, 2008; however, he tolerated the medication well, and thereafter, did not display any distress nor did he complain. (See Myron James vs. Phycho Unshaw, et al., CA 09-00020-WS-C at Doc. 3). Accordingly, James has failed to establish that he was under

"imminent danger of serious physical injury" at the time he filed his Complaint.  Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) (holding that "imminent danger exception only applies to danger existing at the time the complaint is filed" and does not encompass those harms that have already occurred); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir.) (holding that allegations of imminent danger of serious physical injury faced by a prisoner in the past are insufficient to allow the prisoner to proceed in forma pauperis), cert. denied, 533 U.S. 953, 121 S.Ct. 2600, 150 L.Ed.2d 757 (2001); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (same); Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir. 1998) (same).

Because James did not pay the $350.00 filing fee at the time he filed this action and has not satisfied § 1915(g)'s "under imminent danger of serious physical injury" exception, his action is due to be dismissed without prejudice.  Dupree, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action).  Accordingly, it is recommended that James' Motions to Proceed Without Prepayment of Fees (Docs. 2, 8) be denied, and that this action be dismissed

without prejudice pursuant to 28 U.S.C. § 1915(g).

**The attached sheet contains important information regarding objections to the Report and Recommendation.**

**DONE** this **24th** day of **August, 2009.**

<pre>
                    /S/ SONJA F. BIVINS
          UNITED STATES MAGISTRATE JUDGE
</pre>

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are

adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      **DONE** this **24th** day of **August, 2009.**

                                        **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**